**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEATHERLEY 39TH STREET, LLC, | Case No. 1:20-cv-5244-ALC |
| *Plaintiff,* | |
| v. | **DEFENDANT'S THIRD-PARTY COMPLAINT** |
| MACY'S RETAIL HOLDINGS, INC. (now MACY'S RETAIL HOLDINGS, LLC), | |
| *Defendant and Third-Party Plaintiff,* | |
| v. | |
| LT PROPCO LLC, | |
| *Third-Party Defendant.* | |

Defendant/Third-Party Plaintiff Macy's Retail Holdings, LLC (formerly "Macy's Retail Holdings, Inc."), (hereinafter "Defendant", Defendant/Third Party Plaintiff or "MRH"), an Ohio limited liability company, through its undersigned counsel, pursuant to Rule 14 of the Federal Rules of Civil Procedure, as and for a Third-Party Complaint against Third-Party Defendant LT Propco LLC alleges upon information and belief as follows:

**PARTIES & SUPPLEMENTAL JURISDICTION**

1.  MRH is an Ohio limited liability company, the sole member of which is Macy's, Inc., is a Delaware corporation with its principal place of business under the U.S. Supreme Court's "nerve center" test in the State of New York.

2.  LT Propco LLC (hereinafter "LT Propco") is a Delaware limited liability company doing business in the State of New York, and therefore is subject to personal jurisdiction in this

1

State and before this Court.

3. This Court has supplemental jurisdiction over Defendant/Third-Party Plaintiff's Third-Party Complaint as the claims set forth in the Third-Party Complaint satisfy the elements of 28 U.S.C. § 1367(a).

4. None of the claims set forth in the Third-Party Complaint fall within any of the exceptions to supplemental jurisdiction enumerated in 18 U.S.C. § 1367(c).

## BASIC FACTUAL ALLEGATIONS

5. According to the allegations made in Plaintiff's Complaint (Docket Index No. 1) (the "Complaint"), John J. Weatherley and Thomas Weatherley, d/b/a/ Weatherley Realty, were the owners of certain real property and improvements located at 16-18 West 39th Street, New York, New York 10018 (the "Premises").

6. According to the allegations made in the Complaint, on or about April 1, 1986, John J. Weatherley and Thomas Weatherley, d/b/a/ Weatherley Realty ("Weatherley Realty"), entered into a lease for the Premises with Associated Dry Goods Corporation dated April 1, 1986, pursuant to which Associated Dry Goods Corporation leased the Premises (the "Lease").

7. According to the allegations made in the Complaint, subsequently the fee ownership of the Premises was conveyed to Plaintiff Weatherley 39th Street, LLC.

8. Federated Retail Holdings, Inc. (formerly known as The May Department Stores Company ("May") and later renamed Macy's Retail Holdings, Inc., now Macy's Retail Holdings, LLC), was the successor-in-interest to the Lease by reason of May's merger with Associated Dry Goods Corporation, which on information and belief was then the owner of the Lord & Taylor store retail chain.

9. On or about October 2, 2006, Federated Retail Holdings Inc., as sublandlord, and

Lord & Taylor LLC, as subtenant, entered into a sublease (the "Sublease) pursuant to which Lord & Taylor LLC sublet the Premises.

10. On or about November 6, 2019, Lord & Taylor LLC assigned all of its right, title and interest in the Sublease to Third-Party Defendant LT Propco LLC ("LT Propco"), which on information and belief, was then an affiliate of Lord & Taylor LLC.

11. After the date of the assignment, LT Propco assumed all of the obligations of Lord & Taylor LLC as subtenant under the Sublease.

12. Pursuant to the Sublease, LT Propco is obligated to pay Base Rent is obligated to pay Base Rent to the sublandlord, MRH, which monies would be forwarded by MRH to Plaintiff Weatherley.

13. Under the terms of the Sublease, the sub-lessee (formerly Lord & Taylor LLC and as of on or about November 6, 2019, its assignee, LT Propco) is required to make all payments of taxes MRH was responsible for paying under the Lease on a timely basis to avoid any penalty or interest obligation of MRH under the Lease.

14. Under the terms of the Sublease, the sub-lessee (formerly Lord & Taylor LLC and as of November 2019, its assignee, LT Propco) is required to remit payment to MRH of all "Additional Rent" for all charges for any additional services required or actually used by Lord & Taylor LLC (or its assignee as of November 2019, LT Propco LLC) for the Premises.

15. During spring of 2020, Lord & Taylor LLC's assignee, LT Propco, ceased making payments due to MRH under the Sublease.

16. On or about July 8, 2020, Plaintiff Weatherley 39th Street (hereinafter "Plaintiff") commenced this civil action against Defendant/Third-Party Plaintiff MRH through service of a Summons and Complaint (the "Complaint"). A true copy of the filed Complaint is annexed hereto

as Exhibit "A".

17. Defendant MRH duly interposed an Answer to the Complaint on September 3, 2020. A true copy of the Defendant's filed Answer is annexed hereto as Exhibit "B".

18. In the Complaint, Plaintiff alleges that it sustained damages as a result of MRH's failure to remit rent commencing in spring 2020 in accordance with the terms of the Lease.

## COUNT ONE

### (Breach of Contract - Sublease)

19. Defendant/Third-Party Plaintiff MRH repeats, reiterates and re-alleges each of the allegations in the preceding Paragraphs of this Third-Party Complaint as if fully set forth at length.

20. On or about November 6, 2019, Lord & Taylor LLC assigned all of its right, title and interest in the Sublease to LT Propco.

21. As of November 2019, pursuant to the Sublease, Lord & Taylor LLC's assignee, LT Propco, is required to pay Base Rent to Defendant Third-Party Plaintiff (formerly Macy's Retail Holdings, Inc., now Macy's Retail Holdings, LLC), which monies would inturn be forwarded to Plaintiff Weatherley.

22. As of November 2019, under the terms of the Sublease, Lord & Taylor LLC's assignee, LT Propco, is required to make all payments of taxes MRH was responsible for paying under the Lease on a timely basis to avoid any penalty or interest.

23. As of November 2019, under the terms of the Sublease, Lord & Taylor LLC's assignee, LT Propco, is required to remit payment to MRH of "Additional Rent" for all charges for any additional services required or actually used by LT Propco in or at the Premises.

24. During the spring of 2020, LT Propco ceased making rent and other required payments due under the Sublease due to Defendant/Third-Party Plaintiff MRH.

25. LT Propco breached the Sublease by failing to remit rent and other required payments under the Sublease to Defendant/Third-Party Plaintiff MRH. As a result thereof, MRH has sustained damages.

## COUNT TWO

**(Indemnification)**

26. Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in preceding Paragraphs of this Third-Party Complaint as if fully set forth at length herein.

27. If Plaintiff sustained damages in the manner and at the time and place alleged in the Complaint, then such damages were caused (or alternatively, were contributed in whole or in part), by LT Propco's acts and/or omissions and breach of the Sublease. Should any judgment and/or verdict be rendered in favor of Plaintiff against MRH for the claims made in the Complaint, then MRH will be damaged thereby and will be entitled to common law indemnification from LT Propco for all or part of any verdict and/or judgment in favor of Plaintiff.

## COUNT THREE

**(Contribution)**

28. Defendant/Third-Party Plaintiff MRH repeats, reiterates and re-alleges each of the allegations in the preceding Paragraphs of this Third-Party Complaint as if fully set forth at length herein.

29. While Defendant/Third-Party Plaintiff MRI has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely (or alternatively, in substantial part) by the acts and omissions of LT Propco and MRH is entitled to judgment against LT Propco.

30. By reason of the foregoing, LT Propco will be liable to Defendant/Third-Party Plaintiff MRH in the event judgment is recovered by Plaintiff against MRH in this action, in the amount of the judgment or in amount equal to the excess over and above MRH's equitable share (if any) of such judgment in this action.

31. In the event that Plaintiff proves its claims and establishes damages against MRH as alleged in the Complaint, then said damages were caused by LT Propco's breach of the Sublease, and Defendant/Third-Party Plaintiff MRH is entitled to judgment over and against LT Propco for any judgment by Plaintiff against Defendant/Third-Party Plaintiff.

**WHEREFORE**, Defendant/Third-Party Plaintiff Macy's Retail Holdings, LLC (formerly Macy's Retail Holdings, Inc.) ("MRH") demands judgment in its favor and against Third-Party Defendant LT Propco LLC ("LT Propco"), as follows:

1) for damages for LT Propco's breach of the Sublease by reason of LT Propco's failure to timely pay and remit to MRH all sums due to MRH under the Sublease, including, but not limited to, Base Rent, Additional Rent, payments of taxes MRH was responsible for paying under the Lease, and all other charges, interest, late payment fees and other monetary damages sustained by MRH as a result of LT Propco's breach of its obligations under the Sublease;

2) for MRH's attorney's fees and costs including, without limitation, all attorney's fees MRH has or will incur in defending against Plaintiff's Complaint and Plaintiff's claims in this civil action, and in connection with this Third-Party Complaint against LT Propco;

3) for interest; and

4) for such further and other relief as this Court deems just and equitable.

Dated: New York, New York
December 28, 2020

                SCHOEMAN UPDIKE KAUFMAN
                & GERBER LLP

By:   */s/ Steven Gerber*
       Steven Gerber
       551 Fifth Avenue, 12th Floor
       New York, NY 10176
       T: (973) 256-9000
       F: (212) 687-2123
       *Attorneys for Defendant,*
       *Macy's Retail Holdings, LLC*
       *(formerly Macy's Retail Holdings, Inc.)*